876 F.2d 1008
 278 U.S.App.D.C. 130
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CITIES OF MARSHALL, BLUE EARTH, MOUNTAIN LAKE, ST. JAMES,
AND SAUK CENTRE, MINNESOTA, and Hillsboro, North
Carolina, Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
 No. 88-1627.
 United States Court of Appeals, District of Columbia Circuit.
 June 14, 1989.
 
 Before SPOTTSWOOD W. ROBINSON, III, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on a petition to review orders of the Federal Regulatory Energy Commission and was briefed by the parties and argued orally by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review be denied.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 This case centers upon a settlement agreement between petitioners (Customers) and intervenor Northern States Power Company-Minnesota (Company). FERC concluded that the agreement does not prevent the Company, after 1987, from charging the Customers according to a systemwide loss factor. We cannot say that this conclusion was unreasonable and, accordingly, we deny the Customers' petition for review.
 
 
 5
 Article III of the settlement agreement specifies:
 
 
 6
 The Company agrees to conduct an analysis to estimate its transmission and distribution losses.... If the ... Customers agree with the conclusions reached based on the Company's loss analysis, and the analysis shows losses to serve these customers to be less than 4.2%, the Company agrees to file amendments to its existing wheeling contracts which reflect the results of the loss analysis.... If the ... Customers disagree with the conclusions reached from the Company's loss analysis, the Company agrees that the ... Customers may raise the issue of losses in a complaint filing with [FERC].
 
 
 7
 (Emphasis added.) The Company fulfilled its obligation by analyzing its losses as well as those of its subsidiary, NSP-Wisconsin, on a consolidated basis; as a result (after adjustment by FERC), the Company's estimated losses for service to the Customers were put at 4.1%.
 
 
 8
 As FERC interprets it, "Article III contemplates an adjustment for losses only if there is agreement among the parties with the conclusions reached in the loss study...." 42 FERC para. 61,142 at 61,527 (1988). Here, the Customers agree with the Company's loss analysis only insofar as it generated separate, firm-specific loss data; they disagree with the ultimate conclusions drawn by the Company based upon a systemwide allocation of losses. In short, the Customers agree with the subtotal the Company came up with for its Minnesota operations alone, but contest the bottom line it produced by averaging Minnesota and Wisconsin loss experience.
 
 
 9
 FERC reasonably determined that the agreement does not restrict the extent to which the Company may integrate its operations with those of NSP-Wisconsin. Therefore, the agreement imposes no bar to the measurement of losses on a consolidated basis; and because the Customers do not agree with the result reached thereby, the Company was under no obligation to file amendments to its existing wheeling contracts. The parties anticipated that the Customers might not agree with the conclusions drawn by the Company from the loss analysis and specifically provided that, in such a situation, the Customers could file a complaint before FERC. The Company having discharged its obligations, the agreement is simply irrelevant to the disposition of the Customers' complaint.
 
 
 10
 As to the merits of that complaint, FERC reasonably concluded that the Company's use of a systemwide loss factor is "appropriate" in light of its "pooling agreement" to operate with NSP-Wisconsin "on a single system basis." 42 FERC at 61,526-27. Accordingly, we deny the petition for review.